UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DERRICK JEROME TAYLOR II,

          *Plaintiff,*

v.

LL FLOORING, INC. (formerly Lumber Liquidators Inc.) and MICHAEL KLINGA, an individual,

          *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. _____

**NOTICE OF REMOVAL**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that defendant LL Flooring, Inc. ("LL Flooring" or "Defendant"), contemporaneously with the filing of this Notice, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. This action is subject to removal to this Court on the basis of federal question and diversity jurisdiction.

**PROCESS AND PLEADINGS**

1. On or about December 16, 2023, plaintiff Derrick Jerome Taylor, II ("Plaintiff" or "Taylor") filed a Complaint with the County Clerk's Office in Bronx County, New York entitled *Derrick Jerome Taylor II v. LL Flooring, Inc. et al.*, Index No. 820001/2023E (the "State Court Action"). Said action is now pending in that Court. A true and accurate copy of the Summons and Complaint is attached hereto as Exhibit A.

2. On December 22, 2023, LL Flooring received a copy of the Complaint and Summons via USPS Priority Mail at 4901 Bakers Mill Ln, Richmond, VA 23230. A true and

accurate copy of the shipping label and USPS.com tracking associated therewith showing that LL Flooring received copies of the Summons and Complaint on December 22, 2023, is attached hereto as Exhibit B.

3. The purported service upon LL Flooring was procedurally improper under New York CPLR. §§ 311(a)(1), 311(b), 312-a, as well as under Virginia Code Ann. § 8.01-299. Thus, Taylor has not effectuated proper service on LL Flooring, and LL Flooring expressly reserves its rights to contest any contention by Taylor that he served it properly.

4. Although Michael Klinga is included in the Complaint's caption as a defendant in this action, he has not been joined or served with a copy of the Summons or Complaint. Accordingly, his consent to remove is not required. *See* 28 U.S. Code § 1446(b)(2)(A).

5. LL Flooring has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action.

6. A copy of the New York State Courts Electronic Filing page for the State Court Action, which shows the filing of the Complaint and no other filed papers, is attached as Exhibit C. Accordingly, all pleadings, process, orders and filings in the State Court Action are attached to this Notice.

7. In the Complaint, Taylor alleges that LL Flooring did not pay him overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) and 207(a), the New York Labor Law ("NYLL"), §§ 160, 190, 191, 195; 652(1) and 663(1); and N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 146-1.4. He further alleges that in violation of FLSA, 29 U.S.C. § 215(a)(3), LL Flooring retaliated against him for raising good faith complaints of practices made unlawful under the FLSA. Further, Taylor alleges that LL Flooring engaged in discriminatory employment practices toward him in violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, *et seq*. Finally, he asserts race and gender discrimination and retaliation in violation of Section 296.1(a) of the New York City Human Rights ("NYCHRL").

## VENUE

8. Because the Supreme Court of the State of New York, County of Bronx, lies in the Southern District of New York, this Court is the appropriate venue for removal of this action. *See* 28 U.S.C. §§ 112 and 1441(a).

## TIMELINESS

9. This Notice of Removal is timely as it is being filed by Defendant within 30 days of December 22, 2023, the earliest date by which Defendant received notice of the Summons and Complaint. (*See* Exhibits A and B).

## CONSENT

10. Upon information and belief, defendant Michael Klinga has not been joined or served as of the date of this removal. Accordingly, his consent to remove is not required. *See* 28 U.S.C. § 1446(b)(2)(A). Nevertheless, defendant Klinga consents to the removal of this action.

## FIRST BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

11. The State Court Action is removable from the Supreme Court of the State of New York, County of Bronx, to this Court pursuant to 28 U.S.C. §1441(a) because the Complaint raises claims under the laws of the United States over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, in that:

   a. The Complaint alleges in its First Claim that LL Flooring violated the FLSA, 29 U.S.C. § 207(a) by not paying Taylor overtime. (*See* Ex. A, First Claim for Relief). The Complaint further alleges in its Sixth Claim that LL Flooring retaliated against Taylor by demoting him after he engaged in protected action protected under the

      FLSA, 29 U.S.C. § 215(a)(3). (*See* Ex. A, Sixth Claim for Relief). The Complaint also alleges in the Seventh Claim that LL Flooring engaged in discriminatory employment practices toward Taylor in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (*See* Ex. A, Seventh Claim for Relief).

    b. This Court has original jurisdiction over the above-captioned action pursuant to the FLSA and Title VII, and the case thus may properly be removed to this Court pursuant to 28 U.S.C. § 1441. *See, e.g.*, *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998) (removal based upon federal question is proper where the plaintiff's claims "arise under" federal law).

    c. As a result of the foregoing federal question that appears on the face of the Complaint, this Court has original jurisdiction under 28 U.S.C. §1331, and this case is properly removed under 28 U.S.C. §1441(a).

12. This Court has supplemental jurisdiction over Taylor's state law claims pursuant to 28 U.S.C. § 1367, as they are so related to Taylor's federal claims that they form part of the same case or controversy.

## THE SECOND BASIS FOR REMOVAL: DIVERSITY JURISDICTION

13. This action is also properly removed from the Supreme Court of the State of New York, County of Bronx, pursuant to 28 U.S.C. § 1441(b) because there is complete diversity of citizenship between Taylor and LL Flooring and the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332(a).

14. In the Complaint, Taylor alleges that he is a resident of the State of New York. (*See* Ex. A, ¶ 12). By reason of said residence and domicile, Taylor is a citizen of the State of New

York.

15. In the Complaint, Taylor alleges that LL Flooring is a privately held corporation with its principal place of business at 4901 Bakers Mill Lane, Richmond, VA 23230. (*See* Ex. A, ¶ 13). LL Flooring is incorporated in Delaware. *See* [https://www.sec.gov/Archives/edgar/data/1396033/000155837019002205/ll-20181231ex211d85591.htm](https://www.sec.gov/Archives/edgar/data/1396033/000155837019002205/ll-20181231ex211d85591.htm). Accordingly, LL Flooring is a citizen of Virginia and Delaware.

16. Defendant Klinga has not been served, and his residency is therefore not relevant. Even if he were served, however, the Summons reflects that Klinga is a resident of New Jersey. (*See* Ex. A, p. 1).

17. The amount in controversy of Taylor's claim is not specified in the Complaint. In such circumstances, LL Flooring is permitted to state the amount in controversy in a "short and plain" statement without the need for evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014).

    a. Taylor alleges that LL Flooring "did not pay him at any rate of pay for any hours that he worked per week in excess of forty," in violation of the FLSA, 29 U.S.C. §§ 206(a) and 207(a); the NYLL. §§ 160, 190, 191, 195; 652(1) and 663(1); and the NYCCRR, § 146-1.4. (Ex. A, ¶¶ 1, 26, 49-84). He alleges that LL Flooring discriminated against him in violation of Title VII. (Ex. A, ¶¶ 2, 94-98). He further alleges that LL Flooring demoted him when he joined a class action suit for unpaid overtime wages entitled *Mason et al. v. Lumber Liquidators, Inc.*, 1:17CV04780, and thereafter terminated his employment in violation of the FLSA and the NYLL. (Ex. A, ¶¶ 1, 27, 37, 85-93). Finally, he asserts race and gender discrimination and retaliation in violation of the NYCHRL and of the Law New York City

        Administrative Code § 8-107.  (Ex. A, ¶¶ 2, 3, Prayer for Relief, f).

   b. In the Complaint's Prayer for Relief, Taylor seeks compensatory damages, including but not limited to, compensation for mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries.  He also seeks punitive damages and liquidated damages and statutory penalties under the FLSA and NYLL.

   c. Based on Taylor's damages claims, including lost compensation, emotional distress, punitive and liquidated damages, upon information and belief, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

18.    Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. §1332, which may properly be removed to the Court pursuant to 28 U.S.C. §1441 *et seq*.

## **PROCEDURAL COMPLIANCE**

19.    Upon filing of this Notice of Removal, LL Flooring shall give written notice of the filing of this Notice of Removal to Marlene Sanchez, Esq., the Sanchez Law Group, LLC., attorneys for Taylor, via first class mail on his counsel and by e-filing with the New York State Courts Electronic Filing ("NYSCEF") system, and a true and correct copy of this Notice of Removal is being filed this date via the NYSCEF system with the County of Bronx Clerk's Office, Supreme Court of the State of New York, as required by 28 U.S.C. § 1446(d).

20.    Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit D.

## **MISCELLANEOUS ISSUES**

21.     By filing this Notice of Removal, LL Flooring does not waive any defenses that may be available to it, including, but not limited to, the right to assert any defenses and/or objections to which it may be entitled.

WHEREFORE, LL Flooring respectfully removes the State Court Action now pending in the Supreme Court of the State of New York, County of New Bronx.

| | |
|---|---|
| Dated: New York, New York<br>January 19, 2024 | EPSTEIN BECKER & GREEN, P.C. |

By:  */s/ David W. Garland*
David W. Garland
EPSTEIN BECKER & GREEN, P.C.
875 Third Avenue
New York, New York  10022
Tel: (212) 351-4500
DGarland@ebglaw.com
*Attorneys for Defendant LL Flooring, Inc.*