



Attorneys at Law

Lauri F. Rasnick
t  212.351.4854
f  212.878.8600
lrasnick@ebglaw.com

August 6, 2024

**VIA ECF**
Hon. Judge Ona T. Wang
United States Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 1007-1312

Re: **Derrick Jerome Taylor II v. LL Flooring, Inc. et al (Case No. 1:24-cv-00410)**
**Joint Request for Approval of Settlement**

Dear Judge Wang:

This firm represents defendants LL Flooring Inc. ("LL Flooring") and Michael Klinga (collectively, "Defendants") in the above-referenced matter. We respectfully submit on behalf of both parties this joint request for the Court to review and approve the parties' agreement to settle Plaintiff Derrick Jerome Taylor II's wage and hour claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law, and the New York Labor Law and the New York Codes, Rules and Regulations ("NYCRR") (hereinafter the "Agreement").

1. **Relevant Fact and Procedural History**

On December 16, 2023, Taylor commenced this action in state court, alleging, *inter alia,* claims under for unpaid overtime and wages under the FLSA, NYLL and NYCRR.[1] LL Flooring removed the claim to the United States District Court for the Southern District of New York on January 19, 2024, and filed an Answer on January 26, 2024. Rather than proceed with what would undoubtedly be a costly and time-consuming litigation, the parties participated in a virtual mediation facilitated by the court-appointed mediator, Darren P.B. Rumack, Esq., on May 28, 2024. The parties then participated in a second mediation session on July 1, 2024. During the second session, the parties reached a settlement in principle on all of Taylor's claims. Pertinently,

---

[1] Taylor also asserted claims of discrimination pursuant to Title VII of the Civil Rights Act of 1964, the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-107 *et. seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296, *et seq.*, which the parties have separately resolved.

FIRM:65188116v1

as for Taylor's wage claims, the parties agreed to settle them for $3,724.00, $2,800 of which amount represented the full amount of damages that Taylor sought for alleged owed wages and $924.00 represents the amount for alleged attorneys' fees for the wage claims. Thereafter, the parties exchanged drafts of the Agreement, a fully executed copy of which is annexed hereto as **Exhibit A.** The Agreement reflects a desire by the parties to settle Plaintiff's FLSA, NYLL and NYCRR claims.

## 2. Claims and Defenses

LL Flooring hired Taylor to work as Taylor as a Sales & Product Specialist within the LL Flooring at its Store No. 1219 in Astoria, New York on or about March 2, 2014; he resigned his employment with LL Flooring effective August 2, 2022. Taylor alleges that after LL Flooring promoted him to Store Manager and paid him a salary, it misclassified him as an exempt employee and failed to pay him overtime compensation and wages, in violation of the FLSA, 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL"), NYLL §§ 142-2.2, 160, 190, 191, and 663(10) (First, Second, and Third Claim). In other words, he asserts that he was entitled to overtime pay and, as a result, was not paid at the applicable overtime rate for any hours she alleged to have worked in excess of forty (40) per week. He seeks damages for unpaid overtime and wages for a five (5) month period.[2] Defendants maintain that Taylor was paid on a salary basis and at the requisite threshold to qualify to be exempt from overtime pay requirements.

Taylor also alleges that he was not provided with wage notice or statements as required under NYLL §§ 195(1) and (3). (Fourth and Fifth Claim). Defendants contest Taylor's allegations, asserting that Plaintiff's wage notice and pay statements were sufficient under the law and that, short of any technical deficiencies, Defendants have a meritorious affirmative defense pursuant to NYLL § 198 on account of paying Plaintiff all wages to which he was owed while employed by LL Flooring.

Finally, Taylor asserts that Defendants also retaliated against him by, *inter alia*, demoting him from a Store Manager position to an Assistant Manager role in or about August 2024 because on February 28, 2022, he opted in as a plaintiff in a collective action against LL Flooring titled *Mason et al. v. Lumber Liquidators, Inc.*, Case No. 17-CV-4780 (MKB) (RLM), which asserted claims under the FLSA and the NYLL, in violation of FLSA § 207(a) and NYLL § 215 (Sixth Claim). LL Flooring denies that it retaliated against him and was ready to present evidence that the demotion followed the termination of Taylor's entire team for inacceptable and well-documented performance deficiencies.

---

[2] Taylor previously received recovery for alleged unpaid overtime under the FLSA and the NYLL in the matter titled *Mason et al. v. Lumber Liquidators, Inc.*, Case No. 17-CV-4780 (MKB) (RLM). In that litigation, Taylor obtained recovery for unpaid overtime up to February 28, 2022, and, accordingly, he only sought damages from March 1, 2022, through August 2, 2022.

Hon. Ona T. Wang
August 6, 2024
Page 3

**3. The Settlement is Fair, Reasonable, and Equitable.**

As Plaintiff's claims arise, in part, under the FLSA, the Agreement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.,* 796 F. 3d 199 (2d Cir. 2015). In evaluating whether a proposed settlement is fair and reasonable, "a court should consider the totality of circumstances including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (citations and quotation marks omitted). For the reasons stated below, the Court should approve the Agreement as it satisfies all of the factors and "ultimate[ly] . . . reflects a fair and reasonable compromise of disputed issues." *Id.* at 335. (internal quotations omitted).

**a. The Agreement is reasonable under the *Wolinsky* factors.**

As an initial matter, the monetary provision is fair and reasonable as the Agreement provides to Taylor the full amount of what he sought. Taylor has estimated that his damages for unpaid overtime and wages totaled $2,800 (not including liquidated damages). The amount was based on Taylor's review of his pay statements and the hours he believes he worked. Based on this estimate, the parties settled Taylor's FLSA claim for the full $2,800 to be paid within thirty (30) days after the Court's approval of the Agreement. Thus, even assuming that Taylor were entitled to 100% of liquidated damages, Taylor is receiving a 50% recovery of the maximum possible recovery. Such percentage has been held to be fair and reasonable. *See Santamaria v. Vee Techs.*, Inc., 2024 WL 3030539, at *1 (S.D.N.Y. June 17, 2024) (holding that a 47% of "estimated maximum recovery" was fair and reasonable); *Zorn-Hill v. A2B Taxi LLC*, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) ("[s]everal courts have approved settlements that provide around one-quarter or one-third of total alleged damages").

The other *Wolinsky* factors similarly favor the Agreement. The Agreement was reached at an early stage of litigation, allowing Taylor to avoid the burden and expense of engaging in discovery and expensive motion practice. Further, the Agreement permits Taylor to avoid all of the risk that his claim would face during motion practice, such as a finding that as a Store Manager who supervised at least three full-time employees, he was exempt from overtime. *See Yesmin v. Rite Aid of New York, Inc.*, 2012 WL 3871735, *6 (E.D.N.Y. Sept. 6, 2012) (a co-manager of Rite Aid who had "responsibility for at least two hourly employees" was properly classified as exempt); *Scott v. SSP Am., Inc.*, 2011 WL 1204406, at *10 (E.D.N.Y. Mar. 29, 2011) (a manager of a fast food store at JFK airport who "regularly directed the work of two or more employees was properly classified as exempt"). Finally, the settlement was reached as the result of Court-appointed mediation, which is evidence of an arm's-length negotiation. *Zamora v. One Fifty Fifty Seven Corp.*, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016). Given that the parties mutually desire to reach an amicable resolution of this matter without additional litigation and that Taylor was able to avoid the significant costs, inconvenience and risks of motion practice and trial, the Agreement is fair and reasonable.

Hon. Ona T. Wang
August 6, 2024
Page 4

### b. The non-monetary provisions are reasonable.

The non-monetary provisions of the Agreement likewise do not run afoul of *Cheeks*. While the Agreement contains a non-disparagement provision, it contains a carve-out for "truthful statements about the amount of the settlement or his experiences litigating his FLSA claims." (*See* Exhibit A, ¶ 7). It also contains a provision that expressly permits Taylor to communicate in any manner with various administrative and regulatory entities and complying with or testify pursuant to a subpoena. (*See* Exhibit A, ¶ 6). Non-disparagement clauses containing such carve-outs have been found appropriate. *See Santamaria v. Vee Techs.*, Inc., 2024 WL 3030539, at *2 (S.D.N.Y. June 17, 2024) (approving an FLSA settlement containing a non-disparagement clause because it "include[d] a carve-out for truthful statements about plaintiffs' experience litigating their case") (internal quotations omitted); *Miranda v. Grace Farms*, Inc., 2022 WL 1771720, at *4 (S.D.N.Y. May 31, 2022) (approving FLSA settlement agreements containing non-disparagement clauses because they "ha[d] carveouts to allow the parties to 'truthfully communicat[e] their experiences concerning the [respective] Action[s] or the [respective] Settlements.'"). Therefore, the Agreement's non-monetary provisions are reasonable.

### c. Taylor's counsel's requested fee is reasonable.

Ms. Sanchez's fee for the work she performed relating to Taylor's wage claims is reasonable. "[C]ourts in this Circuit have approved attorneys' fees of up to 35% of the recovery. *Santamaria*, 2024 WL 3030539, at *2. *See also Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District."). Taylor's counsel is seeking **$924.00** in legal fees for her representation pertaining to Taylor's wage claims. This represents a contingent legal fee of 33% of the net value of settlement ($2,800.00 x 33% = $924.00). This percentage is consistent with the contingency fee provided by Taylor's retainer agreement with counsel, which provides for legal fees of 33% of the net recovery.

Ms. Sanchez's rate of **$400.00** is also reasonable. A reasonable hourly rate is guided by the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-92 (2d Cir. 2008). This District routinely award hourly attorney fee rates ranging from approximately $175 to $500—depending on expertise and experience—for attorneys working on FLSA litigation. *See Vasquez v. TGD Grp., Inc.*, Case No. 14-cv-7862, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016) ("Lead attorneys in this district typically charge between $300 and $400 per hour for wage-and-hour cases."); *Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181 (RA), 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) ("[C]ourts in this District generally approve rates of $300-$400 per hour for partners in FLSA cases and $300 per hour for senior attorneys or associates with eight or more years' experience." (collecting cases)); *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (collecting cases that approved hourly rates of $300-$400 in FLSA actions). Accordingly, Ms. Sanchez's rate is within the range of rates that have been approved by

Hon. Ona T. Wang
August 6, 2024
Page 5

courts in the Southern and Eastern Districts in FLSA cases. *See McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 97-98 (2d Cir. 2006) (approving a $350.00 hourly rate for a solo practitioner).

4. Conclusion

Therefore, the parties respectfully submit that the proposed Agreement is a fair and reasonable compromise for the resolution of Taylor's FLSA claims. Taylor will receive, *inter alia*, compensation for alleged unpaid overtime based on his counsel's method of calculation (which LL Flooring disputes) and reasonable attorneys' fees and costs. Accordingly, the parties jointly request that the Court approve the proposed Agreement.

Thank you for Your Honor's consideration.

Respectfully,

/s/ Lauri F. Rasnick
Lauri F. Rasnick

cc: Marlene Sanchez, Esq. (via ECF)

**The Court notes that five (5) days after this filing, Defendant LL Flooring, Inc. filed a Notice of Suggestion of Bankruptcy (ECF 23). Had the Notice of Suggestion of Bankruptcy not been filed, I would find this Agreement fair and reasonable, and the case would have been closed. The Court also notes that Defendant Klinga is not a party to the bankruptcy proceedings, nor is he a party to the no-longer-confidential settlement agreement attached at ECF 22-1.**

**Plaintiff is directed to file this order in the bankruptcy action. Defendant Klinga is directed to inform the Court how he wishes to proceed.**

**This case is STAYED as to Defendant LL Flooring only.**

**SO ORDERED.**

_____
Hon. Ona T. Wang          8/23/2024
U.S.M.J.

FIRM:65188116v1